# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨
## 𝔄𝔭𝔭𝔢𝔩𝔩𝔞𝔱𝔢 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫: 𝔖𝔢𝔠𝔬𝔫𝔡 𝔍𝔲𝔡𝔦𝔠𝔦𝔞𝔩 𝔇𝔢𝔭𝔞𝔯𝔱𝔪𝔢𝔫𝔱

D76065
O/id

_____AD3d_____                                                    Argued - June 13, 2024

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

---

2023-07258                                                    DECISION & ORDER

CitiBank, N.A., respondent, v Marie Duliane Milord-
Jean-Gille, appellant, et al., defendants.

(Index No. 7582/07)

---

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.

Reed Smith LLP, New York, NY (Michael V. Margarella of counsel), for respondent.

In an action to foreclose a mortgage, the defendant Marie Duliane Milord-Jean-Gille appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 3, 2022. The order and judgment of foreclosure and sale, upon an order of the same court also dated June 3, 2022, inter alia, granting the plaintiff's motion to confirm a referee's report dated June 14, 2019, and for a judgment of foreclosure and sale and denying the cross-motion of the defendant Marie Duliane Milford-Jean-Gille to dismiss the complaint insofar as asserted against her and to toll the accrual of interest on the subject mortgage loan, among other things, directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm a referee's report dated June 14, 2019, and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order dated June 3, 2022, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.

In this mortgage foreclosure action, the plaintiff moved to confirm a referee's report dated June 14, 2019, and for a judgment of foreclosure and sale. The defendant Marie Duliane Milford-Jean-Gille (hereinafter the defendant) opposed the motion and cross-moved to dismiss the complaint insofar as asserted against her and to toll the accrual of interest on the subject mortgage

December 11, 2024                                                    Page 1.

CITIBANK, N.A. v MILORD-JEAN-GILLE

loan.  In an order dated June 3, 2022, the Supreme Court, inter alia, granted the plaintiff's motion and denied the defendant's cross-motion.  The court issued an order and judgment of foreclosure and sale also dated June 3, 2022, among other things, directing the sale of the subject property.  The defendant appeals from the order and judgment of foreclosure and sale.

"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (*Flagstar Bank, F.S.B. v Konig*, 153 AD3d 790, 790-791; *see Citimortgage, Inc. v Kidd*, 148 AD3d 767, 768).  "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (*Citimortgage, Inc. v Kidd*, 148 AD3d at 768).

Here, the referee's findings with respect to the total amount due upon the mortgage were not substantially supported by the record.  The referee, in computing the amount due, relied upon the affidavit of Holly Freedman, a vice president of JPMorgan Chase Bank, N.A. (hereinafter Chase), the loan servicer for the plaintiff.  While Freedman averred, inter alia, that her affidavit was based on records maintained by Chase, Freedman attached to her affidavit a limited power of attorney permitting Chase to act on the plaintiff's behalf dated January 13, 2014, more than seven years after the defendant's alleged default.  Since the defendant's default allegedly occurred in 2006 and the power of attorney is dated January 13, 2014, the plaintiff's submissions reflected that Chase was not the loan servicer at the time of the default (*see Bank of N.Y. Mellon v Demasco*, 226 AD3d 855, 857).  Chase's employee, Freedman, did not state that the records of any other relevant entity, such as a prior loan servicer or the plaintiff, were provided to Chase and incorporated into Chase's own records, that Chase routinely relied upon such records in its business, or that she had personal knowledge of business practices and procedures of any other relevant entity.  Therefore, Freedman failed to lay a proper foundation for the admission of any records reflecting the defendant's alleged default in 2006 (*see id.*; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780, 782).

Moreover, while the referee's report found that the mortgaged premises should be sold in one parcel, the referee failed to sufficiently identify the documents or other sources upon which he based that finding (*see Wells Fargo Bank, N.A. v Laronga*, 219 AD3d 1559, 1561).

Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Kings County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.

The defendant's remaining contentions are without merit.

CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.

ENTER:

Darrell M. Joseph
Clerk of the Court

December 11, 2024                                                                                                Page 2.
CITIBANK, N.A. v MILORD-JEAN-GILLE